IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUIS RAUL SANTOS | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 06-4618 |
| | : | |
| MICHAEL J. ASTRUE,[1] | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J                                                                    August 16, 2007

Upon consideration of the motion for summary judgment filed by plaintiff and defendant's response and plaintiff's reply thereto (Doc. Nos. 9, 12, & 14), the court makes the following findings and conclusions:

1. On April 11, 2005, Luis Raul Santos ("Santos") filed for supplemental security income and disability insurance benefits under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f, alleging an onset date of December 21, 2003. (Tr. 28; 51; 65-67). Throughout the administrative process, including an administrative hearing held on September 7, 2005 before an ALJ, Santos' claims were denied. (Tr. 5-7;13-21; 25-50; 53-57). Pursuant to 42 U.S.C. § 405(g), Santos filed his complaint in this court on October 18, 2006.

2. In his decision, the ALJ found that Santos had medically determinable impairments of depression, chronic orchalgia, chest pain and hypertension but concluded that these impairments were not severe. (Tr. 18, Findings 3, 4; 19 ¶ 2).[2] As a result, the ALJ determined that Santos was not disabled. (Tr. 20 Finding 5; 21 ¶¶ 1-2).

3. The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d. Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir.

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d)(1), Michael J. Astrue has been substituted for former Commissioner Jo Anne Barnhart as the defendant in this lawsuit.

[2] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

1979).  It is more than a mere scintilla but may be less than a preponderance.  See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

       4.    Santos raises two arguments in which he alleges that the determinations by the ALJ were legally insufficient or not supported by substantial evidence.  These arguments are addressed below.  However, upon due consideration of all of the arguments and evidence, I find that the ALJ's decision is legally sufficient and supported by substantial evidence.

       A.    Santos first alleges that the ALJ's conclusion that he did not have any severe impairments was not supported by substantial evidence.  Specifically, Santos contends that his abdominal/testicular pain and depression should have been found severe.  I recognize that a plaintiff's burden at step two is not an exacting one and that an impairment will be found severe if the plaintiff can "demonstrate something beyond 'a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work.'"  McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004) (quoting S.S.R. 85-28).[3]  However, while a denial of benefits "at step two should be reviewed with close scrutiny", it should not be reviewed under a more stringent standard than the normal substantial evidence review standard. Id. at 360-361.  Here, although one could reasonably arrive at a different conclusion than that of the ALJ, the ALJ's finding that Santos did not have any severe impairments is supported by substantial evidence.  See Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (finding that if the conclusion of the ALJ is supported by substantial evidence, the court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently).  No doctor found significant medical problems which would prevent basic work activities and the objective medical evidence shows only mild physical findings relating to Santos' complaints of abdominal/testicular pain including a "small", "simple cyst" on his testicle for which he took fairly mild pain relievers.  (Tr. 139-40; 141; 144-45; 155; 173; 238-39).

      Similarly, regarding Santos' depression, a state agency physician found no severe impairments on his Psychiatric Review Technique form and no or mild functional limitations.  (Tr. 181; 191-93).  Dr. Rosenfield, who performed a consultative exam concluded that Santos was able to sustain work or work-like activities from a psychological standpoint and found mostly slight mental limitations with only one relevant moderate limitation regarding responding appropriately to work pressures.  (Tr. 176-78).  The notes from Santos' counseling sessions also do not show significant limitations in performing basic work functions which would necessarily contradict the findings of the state agency.  (Tr. 255-59; 284-321).  The

---

[3] Santos' contention that because the ALJ found no severe impairments, the ALJ implicitly found that he could return to his past heavy work as a landscaper is meritless.  A denial at step two simply means that a claimant's impairments do not significantly limit his or her physical or mental ability to do basic work activities necessary to do most jobs such as:  walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; capacities for seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting.  20 C.F.R. §§ 404.1521, 416.921.  The step two analysis has nothing to do with the ability to do specific past work.

ALJ digested and weighed these records, concluded that Santos was not fully credible, and found that his impairments did not meet the threshold level necessary to clear step two of the sequential analysis. (Tr. 20 ¶¶ 1-7) . Based on the above, this finding was supported by substantial evidence.

        B.      Second, Santos claims that the ALJ did not give specific enough reasons for why he was found less than fully credible. "Credibility determinations are the province of the ALJ and only should be disturbed on review if not supported by substantial evidence." Pysher v. Apfel, No. 00-1309, 2001 WL 793305, at *3 (E.D. Pa. July 11, 2001) (citing Van Horn v. Schweiker, 717 F.2d 871, 973 (3d Cir. 1983)). Moreover, such determinations are entitled to deference. S.H. v. State-Operated Sch. Dist. of the City of Newark, 336 F.3d 260, 271 (3d Cir. 2003). Likewise, the ALJ is required to determine the extent to which a claimant is accurately stating the degree of pain or the extent to which he or she is disabled by it. Hartranft, 181 F.3d at 362 (citing 20 C.F.R. § 404.1529(c)). Pursuant to this directive, the ALJ reviewed and discussed Santos' testimony regarding his subjective complaints and activities of daily living, compared this testimony to the pertinent medical records, and detailed certain discrepancies between the evidence. (Tr. 19 ¶ 3 - 20 ¶ 4). Moreover, Santos does not divulge what evidence the ALJ might have ignored, and I further note that the state agency physician also found Santos' statements to be only partially credible. (Tr. 193). As a result, the ALJ's credibility determination is legally sufficient and supported by substantial evidence.

        5.      Because the decision of the ALJ was supported by substantial evidence, Santos' motion must be denied.

        An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUIS RAUL SANTOS | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  06-4618 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**ORDER**

AND NOW, this 16th day of August, 2007, upon consideration of the motion for summary judgment filed by plaintiff, defendant's response, and plaintiff's reply thereto (Doc. Nos. 9, 12, & 14) and having found after careful and independent consideration that the record reveals that the Commissioner applied the correct legal standards and that the record as a whole contains substantial evidence to support the ALJ's findings of fact and conclusions of law, for the reasons set forth in the memorandum above, it is hereby **ORDERED** that:

1. Plaintiff's motion for summary judgment is **DENIED** and **JUDGMENT IS ENTERED IN FAVOR OF THE DEFENDANT, AFFIRMING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY**; and

2. The Clerk of Court is hereby directed to mark this case closed.

    S/ Lowell A. Reed, Jr.
    LOWELL A. REED, JR., Sr. J.